IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO TAYLOR,

       Plaintiff,               No. CIV S-05–737 FCD GGH P

   vs.

JIMMY DALE FRITTS, et al.,

       Defendants.        FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 25, 2005, the court dismissed plaintiff's complaint with leave to amend. Pending before the court is the amended complaint filed August 19, 2005.

       The only named defendant is Stockton Police Officer Fritts. Plaintiff alleges that defendant Fritts found cocaine in plaintiff's pocket after conducting an illegal search. Plaintiff was later convicted of possession of cocaine for sale.

/////

/////

/////

/////

/////

1

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. <u>Id.</u>

A finding that defendant Fritts illegally searched plaintiff would implicate the validity of plaintiff's conviction. Because plaintiff's conviction has not been invalidated, expunged or reversed, plaintiff's claims against defendant Fritts are barred pursuant to <u>Heck</u>.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

/////

2

1  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

3  F.2d 1153 (9th Cir. 1991).

4  DATED:   10/13/05

5

6                                                                              /s/ Gregory G. Hollows

7                                                                              GREGORY G. HOLLOWS
                                                                               UNITED STATES MAGISTRATE JUDGE

8

9  ggh:kj
   tay737.56

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26